IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZEPH K. SALIS,                               ) | |
| )                                         | |
| Plaintiff,                      ) | |
| )                                         | |
| vs.                                             ) | Case No. CIV-04-1633-W |
| )                                         | |
| JERRY PARKER, et al.,                 ) | |
| )                                         | |
| Defendants.                  ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Zeph Salis, a Hawaii inmate formerly housed at a private prison in Oklahoma,[1] has brought this pro se action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights through their deliberate indifference to his serious medical needs, through their use of excessive force and through his confinement in segregation [Doc. No. 1, page 2]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

A Special Report has been filed by the Diamondback Correctional Facility [Doc. No. 30] in accordance with this court's order and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Defendants Perez, Barefoot, Roberts, Grant, Hansen, Rivers and Forsyth, joined by Defendant Parker[2] and Defendants Holsapple, Hickey, Gooch and Melott,[3] have moved for dismissal, alleging that Plaintiff failed to exhaust his administrative remedies before filing his complaint [Doc. No. 31]. Defendant Talley has likewise filed a motion

---

[1] Subsequent to the filing of this action, Plaintiff was transferred to a correctional facility in Arizona [Doc. No. 11].

[2] *See* Doc. No. 36.

[3] See Doc. No. 53.

to dismiss or, in the alternative, for summary judgment, premised, in part, on Plaintiff's failure to exhaust his administrative remedies [Doc. No. 41]. Plaintiff filed a response to the motion to dismiss but did not respond to Defendant Talley's alternative motions [Doc. No. 44]. Plaintiff was notified that both motions had been converted to motions for summary judgment on the issue of exhaustion of administrative remedies, and additional time was granted to Plaintiff in which to file any supplemental Rule 56, Fed.R.Civ.P., documents [Doc. No. 52]. In this same conversion order, Plaintiff was also granted, sua sponte, additional time within which to separately respond to Defendant Talley's motion. *Id.* No papers responsive to the conversion order were filed, and the matter is now at issue.

**Plaintiff's Complaint**

Plaintiff contends that on January 26, 2004, he was being escorted by a prison guard who handcuffed Plaintiff too tightly, grabbed him violently, placed him in a choke hold, slammed him into a wall, kicked him and hit his face [Doc. No. 1, pages 5 - 6]. Plaintiff states that he defended himself from the guard with a "scrotal thump" and, that after the guard "overcame his discomfort," the guard resumed his attack on Plaintiff. *Id.* at 6. Plaintiff claims that as a result of the guard's assault, Plaintiff suffered various injuries but that Defendants denied him any medical treatment and refused his repeated requests to contact the police. *Id.* at 6 - 7. Plaintiff further claims that he was denied due process in connection with a subsequent disciplinary hearing when Defendants refused to interview or hear testimony from inmate witnesses designated by Plaintiff. *Id.* at 7.

He also maintains that he was not permitted to review the staff statements upon which his finding of guilt was based. *Id.* at 8.

Plaintiff asserts that the Defendant guard used unwarranted physical force against him, violating his Eighth Amendment right to be free from cruel and unusual punishment and that the same action constituted assault and battery under the laws of Oklahoma; that the failure of the Defendant chief of security and Defendant warden to control the Defendant guard's known pattern of physical abuse of inmates constituted deliberate indifference and led to the alleged assault upon Plaintiff; that, in connection with Plaintiff's disciplinary hearing, Defendants' refusal to call witnesses requested by Plaintiff and to otherwise fail to conduct a good-faith investigation resulted in a denial of Plaintiff's due process rights under the Fourteenth Amendment, and that the failure of various Defendants, including Defendant Talley, to provide medical treatment for Plaintiff's injuries constituted deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment as well as negligence under Oklahoma law. *Id.* at 10 - 12. By way of relief, Plaintiff seeks various forms of injunctive relief as well as actual and punitive damages. *Id.* at 12 - 14.

**Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The party resisting summary judgment "may not rest upon the mere allegations or denials of his pleading." *Anderson*

3

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

**Failure to Exhaust Administrative Remedies**

Defendants' motions on the issue of exhaustion are grounded upon the Prison Litigation Reform Act of 1995 ("PLRA") which requires that a prisoner first exhaust all available administrative remedies before resorting to a §1983 action in federal court. Specifically, 42 U.S.C. § 1997e (a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found this Congressional mandate to be clear and unambiguous: exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." (quotation omitted)). In order to comply with this standard, a prisoner is required to "(1) plead his claims with a 'short and plain statement ... showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting *Knuckles El v. Toombs,* 215 F.3d

640, 642 (6th Cir. 2000)).  Additionally, this Circuit applies a "total exhaustion rule" to inmate civil rights complaints.  *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) ("[T]he presence of unexhausted claims in [a] complaint require[s] a district court to dismiss [the] action in its entirety without prejudice.").  The Tenth Circuit also applies the § 1997e(a) exhaustion requirement to prisoners held in privately operated facilities. *Id.* at 1184.

In an effort to demonstrate exhaustion, Plaintiff affirmatively alleged in his complaint that he had filed a request with the Defendant chief of security, asking that the police be called and that assault charges be filed against the Defendant guard [Doc. No. 1, page 8].  Plaintiff claims that such request was denied without explanation and that he subsequently filed three emergency grievances which were unilaterally denied.  *Id.* at 8 - 9.  Plaintiff claims that he then filed an administrative appeal with the Defendant warden complaining about the alleged assault, about the denials of his requests to contact police and for medical care and about the denial of his due process rights.  *Id.* at 9 - 10. Plaintiff included a specific section in his complaint with respect to the denial of medical care. *Id.* at 10.  He asserts that on the day after the alleged assault, he submitted a request to staff to Defendant Rodgers, the "contractual monitor" for the Hawaii prisoners, requesting emergency medical treatment for his injuries but that Defendant Rodgers ignored the request.  *Id.* at 4 and 10.  Plaintiff further claims that he submitted repeated sick call requests to various Defendants, including Defendant Talley, but that these Defendants denied all of the requests and that all of Plaintiff's injuries have gone

untreated. *Id.* at 10. Plaintiff maintains that he filed repeated grievances regarding these denials of medical care, all of which have been denied. *Id.*

Inmate/Resident Grievance Procedures, Policy 14-5 (eff. Dec. 1, 2002), the system in place during Plaintiff's incarceration at Diamondback Correction Facility, *see* Doc. No. 30, Exhibits E, page 2 and F, provides that in order to exhaust all available remedies an inmate must first attempt informal resolution of his complaint relating to the conditions of his care and supervision by submitting a Request to Staff form, OP-090124D. *See* Inmate/Resident Grievance Procedures, 14-5.5(A) and (B)(5). If this effort is unsuccessful, a formal grievance form, Form 14-5A, is submitted. *See id.* at 14-5.5(I). Next, if the "grievant is not satisfied with the decision of the Facility Grievance Officer, the grievant may appeal to the Warden." *Id.* at 14-5.5 (L)(1). "Barring extraordinary circumstances, a grievance will be considered settled if the decision at any step is not appealed by the inmate resident." *Id.* at 14-5.5(L)(4).

Plaintiff claims that he satisfied this final, required step, alleging in his complaint that "[p]ursuant to DCF policy and procedure plaintiff filed and Administrative Appeal addressed to Defendant Parker." [Doc. No. 1, page 9]. Nonetheless, a review of the only administrative records submitted by Plaintiff in support of his exhaustion claim – the records attached to Plaintiff's response to the motion to dismiss [Doc. No. 44] – reveals only one document addressed to Defendant Parker, a request to staff dated January 30, 2004, *id.*, Exhibit No. 3, wherein Plaintiff requests Defendant Parker's help in contacting the police to report the alleged assault. Plaintiff has failed to submit evidence which raises a genuine issue of fact on the question of whether he properly completed the

6

prescribed grievance process at Diamondback Correctional Facility. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Accordingly, Plaintiff's complaint must be dismissed, without prejudice, for lack of exhaustion of administrative remedies.

Moreover, as Defendant Talley maintains, Plaintiff has failed to establish that he properly grieved any complaint which Plaintiff had with the treatment or lack of treatment which Dr. Talley provided. The sole request to staff form addressed to the medical unit which is in the record before the court involves the cancellation of a medical order with regard to how Plaintiff was to be handcuffed [Doc. No. 30, Exhibit B, page 6]. Plaintiff made no complaint against Dr. Talley in his administrative filings. Under this Circuit's "total exhaustion rule," *see Ross*, 365 F.3d at 1189, the presence of the unexhausted claim against Defendant Talley requires the dismissal, without prejudice, of the entire action.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendants' dispositive motions [Doc. Nos. 31 and 41] be granted to the extent that Plaintiff's amended complaint be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that Plaintiff's Motion Requesting Relief [Doc. No. 12] and Motion for Appointment of Counsel [Doc. No. 45] be denied as moot. Plaintiff is advised of his right to object to this Report and Recommendation on or

before the 28th of June, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Any objections should be filed with the Clerk of this Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 8th day of June, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE